IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST UNIFORM RENTALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 07-43 |
| ) | |
| CHRISTINA CONSOLIDATED SCHOOL ) | |
| DISTRICT, CHRISTINA SCHOOL ) | |
| BOARD, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

1. The allegations in paragraph 1 set forth a legal conclusion to which no responsive pleading is required. By way of further answer, the jurisdiction of this Court is not disputed.

2. Defendants are without sufficient knowledge to affirm or deny the allegations set forth in paragraph 2.

3. The allegations in paragraph 3 set forth a legal conclusion to which no responsive pleading is required. To the extent an answer is required, denied, except admitted the Christina School District (the "District") is a reorganized school district of the State of Delaware, as defined in 14 *Del. C.* §1002, created by state law.

4. Denied, except admitted the Board of Education of the Christina School District (the "Board") is the School Board, as defined by 14 *Del. C.* §§ 1002(3) and 1041(1), of the District, which consists of members duly elected or appointed in accordance with state law.

5. Denied that Ronald Albence was the Supervisor of Operations and Maintenance for the District or the Board. Admitted at all relevant times Ronald Albence was

the Supervisor of Facilities, Operations and Maintenance for the District and an agent and employee of the Board. The allegations in paragraph 5 concerning the District's representative's authority to execute the contract at issue in this suit set forth a legal conclusion to which no responsive pleading is required.

6. The allegations in paragraph 6 set forth a legal conclusion to which no responsive pleading is required. By way of further answer, the jurisdiction of this Court is not disputed.

7. The allegations in paragraph 7 set forth a legal conclusion to which no responsive pleading is required. By way of further answer, venue is not disputed.

8. Denied that Ronald Albence was the Supervisor of Operations and Maintenance for the District and Board. Admitted that in or about June 2005, representatives of the Plaintiff met with Ronald Albence concerning Plaintiff's services. By way of further answer, at all relevant times Ronald Albence was the Supervisor of Facilities, Operations and Maintenance for the Board.

9. Denied, except admitted the District's representative informed the Plaintiff's representatives the District was not satisfied with the District's former uniform supplier and that the contract with the District's former uniform supplier had ended. The allegations in paragraph 9 concerning the District's representative's authority to contract with the Plaintiff set forth a legal conclusion to which no responsive pleading is required.

10. Denied, except admitted the District's representative informed Plaintiff the District did not want to go through the State of Delaware bidding process and that the District did not have to obtain bids for services and material if Plaintiff provided a contract with a cost below $50,000.

2

1529111/1

11. The allegations in paragraph 11 set forth a legal conclusion to which no responsive pleading is required.

12. Denied. By way of further answer, the document attached to the complaint as Exhibit A speaks for itself.

13. Denied, except admitted District representatives informed the Plaintiff they were contracting with the Plaintiff, and provided Plaintiff with a copy of the artwork and color for the uniforms, and a map of school locations.

14. Denied, except admitted Plaintiff prepared the artwork and provided it to the District's representative, and the document attached to the complaint as Exhibit B speaks for itself.

15. Admitted the Board entered into a contract on July 22, 2005, and the document attached to the Complaint as Exhibit C speaks for itself.

16. Admitted, except the Plaintiff's performance of the Contract ceased when the Contract was terminated.

17. The allegations in paragraph 17 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied, except the documents attached to the Complaint as Exhibits D through F speak for themselves.

18. The allegations in paragraph 18 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied, except admitted the documents attached to the Complaint speak for themselves.

19. The allegations in paragraph 19 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied, except admitted the

District's representative informed the Plaintiff the contract at issue in this suit was not subject to the bidding requirements of Delaware law.

20. The allegations in paragraph 20 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

21. The allegations in paragraph 21 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

## ADDITIONAL DEFENSES

1. The terms and conditions set forth on the second page of Exhibit C to the Complaint are not part of the parties' agreement.

2. The District did not agree to a five year term for the Contract.

3. The Plaintiff does not have privity of contract with the Board.

4. In the alternative, the liquidated damages provision in the Contract is unenforceable.

5. In the alternative, if the Court finds the terms and conditions set forth on the second page of Exhibit C to the Complaint are part of the parties' agreement, the Contract is void for failure to comply with Delaware's bidding laws.

**WHEREFORE**, Defendants request the Court grant judgment in Defendants' favor on all claims contained in the Complaint and award to Defendants the reasonable costs and attorneys' fees incurred in defending against this action.

                    MORRIS JAMES LLP

                    */s/ James H. McMackin*
                    David H. Williams (#616)
                    dwilliams@morrisjames.com
                    James H. McMackin, III (#4284)
                    jmcmacking@morrisjames.com
                    500 Delaware Avenue, Suite 1500
                    P.O. Box 2306
                    Wilmington, DE  19899
                    (302) 888-6900/5849
                    Attorneys for Defendants

Dated:  February 12, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEST UNIFORM RENTALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 07-43 |
| ) | |
| CHRISTINA CONSOLIDATED SCHOOL ) | |
| DISTRICT, CHRISTINA SCHOOL ) | |
| BOARD, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on February 12, 2007, I electronically filed the attached **ANSWER** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

    Richard R. Wier, Jr., Esquire
    Richard R. Wier, Jr., P.A.
    Two Mill Road, Suite 200
    Wilmington, DE 19806

    _/s/ James H. McMackin_
    David H. Williams (#616)
    dwilliams@morrisjames.com
    James H. McMackin, III (#4284)
    jmcmackin@morrisjames.com
    MORRIS JAMES LLP
    500 Delaware Avenue, Suite 1500
    P.O. Box 2306
    Wilmington, DE 19899
    (302) 888-6900/5849

Dated: February 12, 2007    Attorneys for Defendants

1532162/1