# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEST UNIFORM RENTALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-43 |
| | ) | |
| CHRISTINA CONSOLIDATED SCHOOL | ) | |
| DISTRICT, CHRISTINA SCHOOL | ) | |
| BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DEFENSE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| NEW CASTLE COUNTY | ) |

BE IT REMEMBERED that on this 12th day of February, 2007, personally appeared before me, the Subscriber, a Notary Public for the State of Delaware in New Castle County, Daniel Cruce, who being sworn according to law, deposes and says that he is the Personnel Manager of Defendant Christina School District (the "District"); and that he is authorized to make this Affidavit; that he has personal knowledge of the facts giving rise to Plaintiff's complaint and the facts set forth in the Answer; that he has read the Answer filed this day; that he believes the statements, admissions and denials made therein to be true and that he also verily believes there are legal defenses to the whole of such cause of action, the nature and character of which are as follows:

1.      The Defendants verily believe the terms and conditions set forth on the second page of Exhibit C to the complaint filed in this suit (the "Complaint") are not

part of the parties' agreement.

2.    The Defendants verily believe the District did not agree to a five year term for the contract (the "Contract") between the Plaintiff and the District.

3.    The Defendants verily believe defendant Board of Education of the Christina School District (the "Board"), misidentified as the Christina School Board, has a defense to this action on the ground the Plaintiff does not have privity of contract with the Board.

4.    In the alternative, the Defendants verily have reason to believe the liquidated damages provision (the "Liquidated Damages Provision") set forth in numbered paragraph 9 on the second page of the Contract is invalid as a matter of law.

The Defendants have reasonable grounds to believe discovery will yield evidence showing that at the time of contracting, damages in the event of breach were not difficult to ascertain because of their indefiniteness or uncertainty. If damages were ascertainable, the Liquidated Damages Clause is invalid. *S.H. Deliveries, Inc. v. TriState Courier and Carriage, Inc.*, 1997 WL 817883 at *2 (Del. Super. Ct.). The Defendants also have reasonable grounds to suspect discovery may yield evidence showing the Liquidated Damages Clause is not rationally related to any measure of damages, but is instead arbitrary and penal and thus invalid. *Meyer Ventures, Inc.* 1990 WL 172648.

5.    In the alternative, if the Court finds the terms and conditions set forth on the second page of Exhibit C to the Complaint are part of the parties' agreement, the Defendants verily believe the Contract is void for failure to comply with Delaware's bidding laws. Delaware's bidding laws clearly require that contracts such as the Contract be subject to competitive sealed bidding in that the probable cost is greater than the

$50,000 threshold amount set by the Contract and Purchasing Advisory Council. *See* 29 *Del. C.* §§ 6913 and 6923. An effort to avoid such a requirement by fragmenting or subdividing the contract violates Section 6903(a).

As Vice Chancellor Hartnett noted in *New Castle County Vocational Technical School District v. Design Management, Inc.*, 1982 WL 17833 (Del. Ch.):

> "The law is clear in regard to bidding and public works contracts. 64 Am. Jur. *Public Works and Contracts*, § 39 (1972) states:
>
>> "a contract for public work or supplies or for a public improvement, made in violation or defiance of constitutional or statutory provisions or ordinances requiring such contracts to be awarded to the low bidders only after advertisement and competitive bidding, is illegal and void and imposes no obligation or liability upon the public body. Provisions of this kind are a limitation, so to speak, upon the general power of the municipality to make contracts for such purposes. Contracts let in violation thereof are not merely voidable, but are void, and although the contractor has performed the contract according to its terms, he cannot hold the public authorities either for the contract price, or upon implied contract for the reasonable value of the services performed and materials furnished pursuant to the contract. No rights can be acquired thereunder by the contracting party."

Moreover, Vice Chancellor Hartnett went on to hold that persons dealing with a public agency are presumed to know the law with respect to the requirement of competitive bidding and act at their peril. *See also, Wilmington Parking Authority v. Ranken*, 105 A.2d 614 (Del. Supr. 1954).

While the Defendants believe Delaware law governs due to the fact that

this contract had to be competitively bid under Delaware's Procurement Act, the

application of New Jersey law leads to the same conclusion. *See Penpack, Inc. v. Morris*

*County Municipal Utilities Authority*, 690 A.2d 1094 (N.J. Super. 1997); and *Suburban*

*Disposal, Inc. v. Township of Fairfield*, 892 A.2d 720 (N.J. Super. 2006).

Given the fact that the Contract is invalid and void, the Defendants verily

believe there are defenses to the Contract.

_____

Daniel Cruce

SWORN TO and SUBSCRIBED before me the day and year first above

written.

Notary Public

Print Name: Linda M. Wentzell

My commission expires: 12/3/2010

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEST UNIFORM RENTALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-43 |
| | ) | |
| CHRISTINA CONSOLIDATED SCHOOL | ) | |
| DISTRICT, CHRISTINA SCHOOL | ) | |
| BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on February 12, 2007, I electronically filed the attached **AFFIDAVIT OF DEFENSE** with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard R. Wier, Jr., Esquire
> Richard R. Wier, Jr., P.A.
> Two Mill Road, Suite 200
> Wilmington, DE 19806

_____
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

Dated: February 12, 2007          Attorneys for Defendants

1532164/1