IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEST UNIFORM RENTALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-43-MPT |
| | ) | |
| CHRISTINA CONSOLIDATED SCHOOL DISTRICT, CHRISTINA SCHOOL BOARD, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter having come before the court at a pretrial conference held pursuant to Fed. R..Civ. P. ("Rule") 16, and Richard R. Wier, Jr. and Michele D. Allen having appeared as counsel for plaintiff and David H. Williams and James H. McMackin, III, having appeared as counsel for defendants, the following actions were taken:

**A.     General Information:**

Counsel for Plaintiff:

Richard R. Wier, Jr.
Michele D. Allen
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302)888-3222
Email:    *rwier@wierlaw.com*
          *mallen@wierlaw.com*

Counsel for Defendants:

David H. Williams (#616)
James H. McMackin III (#4284)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800
Email: *dwilliams@morrisjames.com*
       *jmcmackin@morrisjames.com*

This is an action for breach of contract and breach of the covenant of good faith and fair dealing, specifically Best Uniforms entered into a contract with Defendants for the rental of uniforms. The annual cost of the contract was $ 48,706.84 a year. Defendants allegedly breached the contract, which began on July 22, 2005, when they terminated it on or about July 13, 2006. Defendants further allegedly breached the covenant of good faith and fair dealing when their representative allegedly falsely represented that the contract at issue with an annual cost under $50,000, was not subject to the State Procurement Act. The jurisdiction of the court is involved under diversity of the parties, pursuant to 28 U.S.C. § 1332. Jurisdiction is not disputed.

**B.    Uncontested facts:**

1. Best Uniforms, Inc. is a corporation which is incorporated under the laws of the State of New Jersey.

2. Defendant Christina Consolidated School District is a reorganized school district of the State of Delaware, as defined in 14 Del. C. § 1002, created by state law and at all times relevant hereto acted under color of state law.

3. Defendant Board of Education of the Christina School District (the "Board") is the School Board, as defined by 14 Del. C. §§ 1002(3) and 1041(1), of the District, which consists of members duly elected or appointed in accordance with state law.

4. Ronald Albence was at all times relevant the Supervisor of Facilities, Operations and Maintenance for the District and an agent and employee of the Board.

5. Ronald Albence had express and apparent authority to execute the contract between Best Uniforms, Inc. and Defendants.

6. Ronald Albence informed Best Uniforms that contracts under $50,000 did not have to be bid.

7. On or about July 22, 2005, Defendants accepted the emblem for the uniforms.

8. In September 2005, all schools in the Defendant district were utilizing the uniforms provided for by Best Uniforms.

9. Best Uniforms measured and fitted 186 employees of the Defendant District.

10. Defendants were provided with uniforms for 186 employees by Best Uniforms.

11. The annual contract price of the contract between Defendants and Best Uniforms was $48,706.84.

12. Defendants cancelled the contract on or about July 13, 2006.

13. The prior contract for uniforms for Defendants was with Aramark.

14. Ronald Albence made representations to Mr. Randy Smale that contracts under an annual cost of $50,000 were not subject to the State Procurement Act, and, therefore, did not have to be bid.

C.    **Issues of Fact:**

**Plaintiff:**

1. Whether Randy Smale informed Ronald Albence that the contract would be for a term of sixty months.

Plaintiff intends to use testimony of Randy Smale to prove the above statement.

    2.    Whether damages were difficult to ascertain at the time of contracting.

Plaintiff intends to use the testimony of Len Szkotak show that the damages were difficult to ascertain at the time of contracting.

**Defendant:**

Whether the District knowingly agreed to a sixty month term.

Whether the District representative read the boilerplate language on the back of the contract.

Ron Albence will testify concerning the above matters.

Whether (and in what manner) the proposal (quote) was revised such that it resulted in a projected cost of less than $50,000 per year.

Ron Albence will testify concerning the above matter. The Defendants also intend to question Randy Smale on this matter.

Whether damages were difficult to ascertain at the time of contracting.

Whether and to what extent Plaintiff attempted to mitigate.

Defendants intend to question Len Szkotak on these matters.

**D.**    **Contested issues of law:**

**Plaintiff:**

    1.    Whether or not the contract was for a term of five years.

    2.    Whether or not the contract which was under an annual yearly cost of

$50,000 was required to be bid under 29 Del. C. §§ 6913 and 6923.

3. The validity of the liquidated damages provision.

4. Whether Defendants are equitably estopped from rejecting or claiming the contract violates the state procurement code, because they cannot benefit from their misrepresentations, which Plaintiff relied upon.

5. Whether or not Defendants violated the covenant of good faith and fair dealing.

6. Whether or not Plaintiff had an obligation to mitigate their damages.

7. What law applies to the contract formation issues - New Jersey or Delaware.

8. What law applies to the enforceability of the liquidated damages clause- New Jersey or Delaware?

9. Whether or not the defense of unilateral mistake may be raised at this stage if not previously raised.

**Defendant:**

Whether the contract's liquidated damages provision is void as a matter of law because it is a penalty.

Whether the contract is void as a matter of law due to failure to comply with the Procurement Act.

Whether the sixty month term is part of the contract when the District's representative did not read the boilerplate language on the back of the contract.

Whether or not the contract was for a term of five years.

Whether the five year provision in the contract is void due to a unilateral mistake.

Whether plaintiff's failure to mitigate must reduce their alleged damages.

What law applies to the enforceability of the liquidated damages clause- New Jersey or Delaware?

What law applies to the contract formation issues - New Jersey or Delaware?

E. **Witnesses:**

   **Plaintiff:**

   1. Randy Smale
   2. Len Szkotak
   3. Ronald Albence

   **Defendants:**

   1. Ronald Albence
   2. Len Szkotak
   3. Randy Smale

F. **Opinion Testimony:**

   The parties do not intend to offer any opinion testimony

G. **Exhibits**

   **Plaintiff:**

   1. The original contract
   2. P0002-0004 Accounts receivable records
   3. Exhibit A of the Complaint (quote for the annual contract)
   4. Exhibit F of the Complaint (liquidated damages calculations)

     5.     The contract between Aramark and Defendants (Objection reserved based on relevance)

     6.     Albence 6 Purchase Order for 2006

Plaintiff reserves the right to object to exhibits identified by Defendants until such time as the exhibits are produced for inspection and reviewed by Plaintiff. Plaintiff further reserves the right to introduce any exhibits identified by Defendants, assuming the exhibit is relevant and not inadmissible under applicable rules of evidence. Plaintiff also reserve the right to introduce all or portions or Defendants' admissions, answers to interrogatories, in their case-in-chief and/or rebuttal. Plaintiff further objects to the introduction of charts, drawings and other demonstrative exhibits prepared by witnesses and used to explain their testimony unless Defendants provide said exhibits prior to trial at which time Plaintiffs reserve the right to object

**Defendants:**

     1.     The documents identified by the plaintiff.

     2.     Plaintiff's responses to defendants' written discovery requests.

     3.     The emails located at Smale Exhibit 8.

     4.     The pricing list located at Albence Exhibit 2.

     5.     The quote located at Albence Exhibit 3.

     6.     Randy Edwards' business card.

Defendants further reserve the right to introduce any exhibits identified by Plaintiff, assuming the exhibit is relevant and not inadmissible under applicable rules of evidence.

**H.**     **Depositions:**

The parties do not intend to use any depositions at trial other than for

impeachment or rebuttal.

I.  **Motions In Limine**

None

J.  **Voir Dire**

Not Applicable

K.  **Jury Instructions**

Not Applicable

I.  **Verdict Forms**

Not Applicable

M.  **Damages:**

In accordance with the contract provisions, Plaintiff seeks the liquidated damages amount in addition to attorney fees and cost.

N.  **Non-Jury trial:**

**Proposed Post Trial Briefing Schedule:**

Simultaneous Opening Briefs with Findings of Fact and Conclusions of Law due on or before November 10, 2008. Simultaneous Reply Briefs due on or before December 15, 2008.

O.  **Settlement Status:**

The parties are willing to participate in settlement negotiations.

P.  **Other:**

The parties have completed discovery in this matter.

_____
UNITED STATES DISTRICT JUDGE

Date: August 29, 2008

  /s/ Richard R. Wier, Jr.
Richard R. Wier, Jr.(#716)
Michele D. Allen (#4359)
Attorneys for Plaintiff
Richard R. Wier, Jr, P.A.
Two Mill Road, Suite 200
Wilmington, DE 19806

  /s/ James McMackin
Dave Williams (#616)
James McMackin, III (# 4284)
Attorneys for Defendants
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899